```
UNITED STATES DISTRICT COURT                            C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
ROBERT ANTON WILLIAMS, JR.,                                :
                                                           :
                              Plaintiff,                   :
                                                           :    **MEMORANDUM AND ORDER**
              - against -                                  :
                                                           :    15 Civ. 6086 (BMC)(LB)
                                                           :
THE NEW YORK STATE BOARD OF                                :
EXAMINERS OF SEX OFFENDERS; THE                            :
CITY OF NEW YORK; THE STATE OF NEW                         :
YORK; STEVE WHITBECK, CHAIRMAN OF                          :
THE BOARD OF SEX OFFENDERS; THE                            :
STATE OF NEW YORK DIVISION OF                              :
CRIMINAL JUSTICE SERVICES,                                 :
                                                           :
                              Defendants.                  :
---------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff filed this *pro se* civil rights complaint against defendants. The Court grants plaintiff's request to proceed *in forma pauperis.* The complaint is dismissed as set forth below.

Plaintiff alleges that he was: "(1) Erroneously charged and listed with a felony conviction without due process of law by all defendants, (2) Erroneously given high and inaccurate risk level determination by Steve Whitbeck and the Board of Examiners without due process of law, [and] (3) Steve Whitbeck and the board erroneously notified the Department of Criminal Justice Services of a false felony conviction as well as false risk level assessment without due process of law." He seeks financial compensation of $20,000,000.

Plaintiff is no stranger to this Court. See Williams v. Sup't, No. 15 Civ. 6085 (filed Oct. 15, 2015); Williams v. Quinones, No. 15 Civ. 5609 (BMC) (complaint dismissed in part and false arrest claim stayed pending resolution of criminal proceedings in state court); Williams v.

Hynes, No. 15 Civ. 5480 (BMC) (dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B)); Williams v. Whitbeck, No. 14 Civ. 6794 (BMC) (granting defendant's motion to dismiss); Williams v. Smith, No. 14 Civ. 5082 (BMC) (pending).

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *or any portion of the complaint* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1) (emphasis added). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may

be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Eleventh Amendment

Plaintiff's claims against the State of New York and various other state entities must be dismissed under the Eleventh Amendment. "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 131 S.Ct. 1632, 1638 (2011). The Eleventh Amendment bars such a federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not consented to § 1983 suits in federal court, see Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977)), and that § 1983 was not intended to override a state's sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 340-42 (1979). District courts may raise the issue of sovereign immunity "*sua sponte* because it affects . . . subject matter jurisdiction." Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993). Therefore, plaintiff's complaint seeking damages against the State of New York, the New York State Board of Examiners of Sex Offenders, the State of New York Division of Criminal Justice Services, is dismissed pursuant to 28 U.S.C. § 1915A(b); 1915(e)(2)(B). See Doe v. Coumo, No. 08 Civ. 8055, 2009 WL 3123045, at *6 (S.D.N.Y. Sept. 29, 2009) (holding that both the New York Division of Criminal Justice Services and the New

3

York State Board of Examiners of Sex Offenders are state entities for Eleventh Amendment purposes).

B.  **Municipal Liability**

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978); see also Connick v. Thompson, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011); Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . . .").

Other than a conclusory statement alleging that the "erroneous felony conviction, charge and listing was a policy, custom and or practice of the City," plaintiff does not allege, and nothing in his complaint suggests, any facts to support a Monell claim against the City of New York. Therefore, plaintiff has not made the required showing to confer Monell liability on the City of New York and the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b); 1915(e)(2)(B).

C.  **Individual Defendant**

Plaintiff claims that defendant Whitbeck erroneously charged and listed him with a felony conviction, gave him a high and inaccurate risk level determination, and was responsible for other collateral consequences of his felony conviction. Although plaintiff alleges that he has

4

"no idea when this happened and only gradually became aware of these claims," the Court notes that he has already filed a complaint against defendant Whitbeck alleging similar, if not identical claims. On November 18, 2014, plaintiff filed a civil rights action against Whitbeck and the Board of Sex Examiners challenging a requirement to register as a sex offender. The Court granted defendant's motion to dismiss the action as time-barred. Williams v. Whitbeck, No. 14 Civ. 6794 (BMC), slip op. (E.D.N.Y. Aug. 28, 2015).

Assuming *arguendo* that plaintiff challenges the same requirement to register as a sex offender raised in the prior case, Williams v. Whitbeck, No. 14 Civ. 6794 (BMC), then this complaint is also time-barred. Plaintiff does not provide any recent dates when this occurred and admits that he has "no idea when this happened," so it is safe to assume that plaintiff is referring to April 2010, when he was first registered as a sex offender. See Williams, No. 14 Civ. 6794 (BMC). In that event, the Court concludes now, as it did then, that this complaint filed on October 15, 2015, over five years later, is time-barred. See Owens v. Okure, 488 U.S. 235, 249-51, 109 S. Ct. 573, 583 (1989); Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009)

Moreover, under the doctrine of *res judicata*, or claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981). *Res judicata* "applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Hecht v. United Collection Bureau, Inc., 691 F.3d 218, 221-22 (2d Cir. 2012) (citation omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir. 2002)

(citation omitted). Here, plaintiff presents claims that arise from the same events that were at issue in his prior litigation. See Williams v. Whitbeck, No. 14 Civ. 6794 (BMC). The Second Circuit has upheld the district court's authority to dismiss *sua sponte* a *pro se* complaint on *res judicata* grounds. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (failure of a defendant to raise *res judicata* in an answer does not deprive a court of power to dismiss the claim on that ground). Plaintiff's claims against defendant Whitbeck are dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 17, 2015